UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                       :

CAROL DePALMA,                            :
                                                       : Civil Action No.
                Plaintiff,                   :

-- against --                       :

MAYA MURPHY, P.C., H. DANIEL MURPHY, :
and KLEIN LIEBMAN & GERSEN, LLC,      :

                Defendants.          :
------------------------------------------------------------x

## COMPLAINT

Plaintiff Carol DePalma ("Ms. DePalma"), by her undersigned attorneys, as and for her complaint against Maya Murphy, P.C. ("Maya Murphy"), H. Daniel Murphy, Esq. ("Murphy") (Maya Murphy and Murphy hereinafter referred to collectively as "Counsel"), and Klein Liebman & Gersen, LLC ("KLG"), alleges as follows:

### Nature of the Action

1. Within four months after her Judgment of Divorce was entered by the Supreme Court of Nassau County, the business in which Ms. DePalma's ex-husband Vince DePalma ("Mr. DePalma") had an equity interest was sold for $2.3 billion. Ms. DePalma's divorce settlement and divorce judgment were predicated on that company being valued at approximately $100 million, *23 times* less than the sale price. This diversity action seeks damages arising from Counsel's negligence in improperly relying on KLG's negligently prepared valuation reports, Counsel's failure to challenge said reports, and proceeding to represent Ms. DePalma on the basis of inappropriate valuations of the key marital asset. Had KLG prepared a proper valuation, and had Counsel exercised due care and diligence in analyzing

the valuation and in advocating for their client in the matrimonial action, Ms. DePalma would have obtained a settlement or judgment of divorce valued at many times the amount she received.

### Parties

2. Plaintiff is a natural person, and a citizen and resident of the Commonwealth of Pennsylvania.

3. Upon information and belief, Defendant Maya Murphy is a professional corporation maintaining offices in Westport, Connecticut and New York, New York.

4. Upon information and belief, Defendant Murphy is a natural person who is a citizen and resident of the State of Connecticut.

5. Upon information and belief, Defendant KLG is a New York limited liability company with a principal place of business in Syosset, New York.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

7. This Court has personal jurisdiction over the Defendants pursuant to CPLR 301.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

### General Factual Allegations

9. On or about May 29, 2013, Mr. DePalma commenced a matrimonial proceeding against Ms. DePalma, captioned "Vincent DePalma, Plaintiff, against Carol DePalma, Defendant," Index No. 2013-201474, in the Supreme Court of the State of New York, Nassau County (the "Matrimonial Action"), seeking, *inter alia*, a judgment of divorce.

10. The aforesaid action was settled, resulting in a Stipulation of Settlement, dated November 19, 2014, upon which a Judgment of Divorce was entered on March 23, 2015.

11. Pursuant to a retainer agreement dated April 16, 2013, Ms. DePalma retained Counsel to represent her in connection with the "dissolution of [her] marriage with Vince DePalma," for which Counsel was paid.

12. At all times during the Matrimonial Action, Ms. DePalma relied upon Counsel's advice, and in particular with respect to her agreeing to the settlement of the divorce.

13. One of the most significant assets in the marital estate was Mr. DePalma's equity interest in Shred-It International, Inc. ("Shred-It"), a Canadian-based company of which he was CEO throughout the period of the divorce.

14. At the commencement of the Matrimonial Action, the marital portion of Mr. DePalma's holdings of Shred-It consisted of 375,218 Class A Common Shares, representing 1.57% of the outstanding common shares; 3,376,957 Class A Special Shares, representing 6.09% of the outstanding special shares; and an option to purchase 120 Class C Special Shares, representing 20% of the available options. In total, Mr. DePalma owned approximately 7.66% of Shred-It.

15. During the course of the Matrimonial Action, the court directed the parties to retain a neutral expert to value Mr. DePalma's equity in Shred-It, and both parties subsequently retained Defendant KLG, as a neutral evaluator, to perform such valuation.

16. KLG issued two reports: one on or about March 3, 2014 which considered Mr. DePalma's vested shares only, and one on or about May 16, 2014, which dealt with the value of Mr. DePalma's options.

17. KLG failed to perform a proper evaluation using generally accepted business valuation methodologies, including that KLG's valuation reports were internally inconsistent in that they used different per-share values in considering the value of Mr. DePalma's shares; employed only one method of valuation, namely the income approach method; failed to consider and analyze other generally accepted approaches, including the market value method; determined its valuation based on the company's own internal valuations and not on any independent analysis; and failed to update its reports to take into account subsequent performance and events.

18. KLG valued Shred-It at approximately $100 million.

19. Based on this valuation, and after discounting the value of Mr. DePalma's equity by 20% to reflect a lack of liquidity, KLG valued Mr. DePalma's equity as follows: (i) $378,280, for the Class A common shares; (ii) $3,355,884 for the Class A Restricted Shares; (iii) $122,107 for the options, yielding a subtotal of $3,856,271. From this amount, KLG subtracted Mr. DePalma's outstanding loan obligation to Shred-It of $2,306,470, thus ascribing a net value of $1,549,801, to Mr. DePalma's total equity.

20. In July 2015, approximately four months after the Judgment of Divorce was entered, Shred-It was sold to Stericycle, Inc. ("Stericycle") for $2.3 billion. This was after Shred-It's acquisition (by merger), in March 2014, of Cintas, Inc. ("Cintas"), and Shred-It's contemplated $600 million initial public offering ("IPO"), scheduled for July 2015, and reported to be the largest Canadian IPO of 2015, which IPO was ultimately abandoned in favor of the sale to Stericycle.

21. Based on the foregoing, and upon information and belief, the KLG reports substantially undervalued Shred-It, and Mr. DePalma's equity therein. Had KLG performed its

4

valuation with the requisite due care, the value ascribed to Mr. DePalma's interest would have been substantially higher.

22.     Upon information and belief, Counsel accepted the KLG reports at face value, without questioning their bases or assumptions, and without due care or due diligence to determine whether the KLG reports reflected a value most consistent with the generally accepted standards and methodologies used to evaluate businesses, and in furtherance of Ms. DePalma's best interests.

23.     Among other things, Counsel: failed to retain their own expert to review KLG's valuation and render a separate valuation regarding Shred-It and Mr. DePalma's equity therein; failed to make a timely application to the court in the Matrimonial Action to require that the KLG reports be updated to reflect Shred-It's merger with Cintas, which merger occurred during the pendency of the Matrimonial Action; never challenged the aforesaid KLG valuation or the valuation date, never made a motion advocating that Ms. DePalma's interest be evaluated in light of the Cintas merger, and proceeded to advise Ms. DePalma to settle the Matrimonial Action on the basis of the KLG valuation reports and valuation date; failed to take appropriate discovery, including the depositions of Mr. DePalma, KLG, Shred-It, its investment bankers, and its financial advisors, concerning the value of Shred-It and Mr. DePalma's equity therein, leaving Counsel unprepared to try the Matrimonial Action; and failed to argue for a higher valuation of Shred-It and Mr. DePalma's interest therein.

24.     In light of the foregoing, by urging Ms. DePalma to settle the Matrimonial Action based on the KLG valuation and valuation date, and by Counsel's dereliction of duty, Counsel failed to properly represent their client's best interests in the Matrimonial Action, resulting in a settlement that deprived Ms. DePalma of her true entitlement.

### FIRST CLAIM FOR RELIEF
### (Legal Malpractice Against Maya Murphy and Murphy)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as if each were fully set forth herein.

26. Ms. DePalma retained Counsel to represent her in the Matrimonial Action against Mr. DePalma.

27. As more fully set forth above, as a result of Counsel's multiple failures to conduct discovery and due diligence with respect to KLG's valuation of the marital portion of Mr. DePalma's equity interest in Shred-It, Counsel deviated from the standard of care and good practice required of attorneys practicing matrimonial law in the State of New York.

28. Plaintiff reasonably relied on the opinions and advice given to her by Counsel to accept a settlement in the Matrimonial Action for an amount significantly less than a settlement she should have otherwise achieved, or judgment she should have obtained in the Matrimonial Action had Counsel conformed to the standard of care and good practice common to attorneys practicing matrimonial law in the State of New York.

29. Accordingly, Plaintiff is entitled to judgment against Counsel in an amount to be proven at trial, but in no event less than $4 million.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract Against KLG)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if each were fully set forth herein.

31. Pursuant to the parties' agreement, KLG was required to perform a valuation of Mr. DePalma's Shred-It equity in accordance with the generally accepted standards and valuation methods used by business evaluators.

32. By reason of the conduct set forth above, KLG breached its agreement with Ms. DePalma due to its numerous failures to apply generally accepted standards and methodologies used by business evaluators in its valuation of Mr. DePalma's equity interest in Shred-It, and otherwise failed to exercise good faith and care required under the agreement.

33. By reason of KLG's failure to properly perform its services, Ms. DePalma was damaged by settling the Matrimonial Action for an amount significantly less than the value of the marital portion of Mr. DePalma's equity in Shred-It, which she should have obtained in settlement or at trial had she been given accurate information concerning the value of the marital portion of Mr. DePalma's equity.

34. Accordingly, Plaintiff is entitled to judgment against KLG in an amount to be proven at trial, but in no event less than $4 million.

### THIRD CLAIM FOR RELIEF
### (Negligence Against KLG)

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as if each were fully set forth herein.

36. KLG was required to perform its valuation of Mr. DePalma's equity interest in Shred-It equity in accordance with the generally accepted standards and methodologies used by business evaluators.

37. By reason of the conduct set forth above, KLG negligently failed to apply generally accepted standards and methodologies used by business evaluators in its valuation of Mr. DePalma's equity interest in Shred-It in numerous respects.

38. KLG's negligence resulted in the significant undervaluing of Mr. DePalma's equity interest in Shred-It, as reflected in KLG's reports.

39. By reason of KLG's failure to properly perform its services, Ms. DePalma was damaged by settling the Matrimonial Action for an amount significantly less than the value of the marital portion of Mr. DePalma's equity in Shred-It, which she should have obtained in settlement or at trial had she been given accurate information concerning the value of the marital portion of Mr. DePalma's equity.

40. Accordingly, Plaintiff is entitled to judgment against KLG in an amount to be proven at trial, but in no event less than $4 million.

### Jury Demand

41. Plaintiff hereby demands a trial by jury as to all issues herein so triable.

**WHEREFORE**, Plaintiff respectfully demands that the Court issue judgment in her favor, and against Defendants as follows: (a) on her First Claim for Relief, against Maya Murphy and Murphy, jointly and severally, in an amount to be determined at trial but in no event less than $4 million; (b) on her Second Claim for Relief, against KLG in an amount to be determined at trial but in no event less than $4 million; (c) on her Third Claim for Relief, against KLG, in an amount to be determined at trial but in no event less than $4 million; (d) on all Claims for Relief, for pre and post-judgment interest, pursuant to law; (e) on all Claims for Relief, for her costs in bringing this action, including reasonable attorneys' fees; and (f) on all Claims for Relief, for such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 15, 2016

                    FEDER KASZOVITZ LLP

By: _____
        Murray L. Skala
        David Sack
845 Third Avenue
New York, New York 10022
Telephone: (212) 888-8200

Attorneys for Plaintiff Carol DePalma